**Sam Clouston, Appellee, v. Galesburg & Kewanee Electric Railway Company, Appellant.**

### Gen. No. 5,898. (Not to be reported in full.)

Appeal from the City Court of Kewanee; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 15, 1914.

### Statement of the Case.

Action by Sam Clouston against Galesburg & Kewanee Electric Railway Company to recover for injuries to plaintiff's horses and wagon by being struck by one of defendant's street cars. The wagon was used as a street sprinkler and was being driven by a servant of the plaintiff at the time of the accident. From a judgment entered on a verdict for plaintiff for two hundred dollars, defendant appeals.

ROBERT C. MORSE and STURTZ & EWAN, for appellant.

JAMES H. ANDREWS, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 131*—*when evidence sufficient to sustain recovery for injuries to horses and wagon.* In an action against a street railway company to recover for injuries to horses and wagon owned by plaintiff and driven by his servant for the purpose of sprinkling the street, it appearing that the wagon was being driven along the side of defendant's car tracks and that the wagon was struck by a street car going in the same direction, *held* that a verdict for plaintiff was sustained by the evidence.

2. STREET RAILROADS, § 124*—*what evidence competent to show speed of car at time of collision.* In an action for injuries to plaintiff's horses and wagon by being struck by defendant's street car while the wagon was being driven by plaintiff's servant, testimony by the servant as to personal injuries *held* competent, as tending to show the speed with which the car was driven when it struck the wagon.

3. APPEAL AND ERROR, § 1489*—*when admission of testimony as to facts otherwise proved not prejudicial.* In an action to recover for injuries to plaintiff's horses and wagon while being driven by a servant of plaintiff, resulting from being struck by defendant's street car, permitting the servant to describe his injuries *held* not prejudicial error, for the reason that such injuries were proved by other testimony to which no objections were made.